**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| **In re** | * | |
| | | Case No. 13-30487 NVA |
| **ROBERT E. DAY, JR.,** | * | |
| | | (Chapter 7) |
| Debtor. | * | |
| * * * * * * * | | |
| **KIM MICHELLE STERRETT,** | * | |
| | | Adv. Pro. No. 14-00507 |
| Plaintiff, | * | |
| v. | * | |
| **ROBERT E. DAY, JR.,** | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

**DEFENDANT'S ANSWER TO COMPLAINT**
**TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Defendant Robert E. Day, Jr. ("Day"), by his undersigned counsel, files this answer (the "Answer") to the Complaint to Determine Non-Dischargeability of Debt (the "Complaint") filed by Plaintiff, Kim Michelle Sterrett.  In doing so, Day states as follows:

1. The allegations contained in Paragraph 1 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

2. The allegations contained in Paragraph 2 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

3. Day admits the allegations contained in Paragraph 3 of the Complaint.

4. Day admits the allegations contained in Paragraph 4 of the Complaint.

5. Day admits the first sentence of the allegations contained in Paragraph 5 of the Complaint. Day is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 5 and, therefore, denies them

6. Day admits only that, pursuant to Fed. R. Bankr. P. 4007(b) and 11 U.S.C. § 523(c)(1), the deadline to file the Complaint had not passed at the time it was filed.

7. Day admits the allegations contained in Paragraph 7 of the Complaint.

8. To the extent the allegations contained in Paragraph 8 of the Complaint refer to the contents of the Divorce Decree, the document speaks for itself.

9. To the extent the allegations contained in Paragraph 9 of the Complaint refer to the contents of that Order dated November 5, 2012, the document speaks for itself. Day admits that the Order dated November 5, 2012 attached to the Complaint as *Exhibit C* is a true and accurate copy of the order entered in the parties' divorce proceeding.

10. To the extent the allegations contained in Paragraph 10 of the Complaint refer to the contents of that Order dated July 6, 2012, the document speaks for itself. Day admits that the Order dated July 6, 2012 attached to the Complaint as *Exhibit D* is a true and accurate copy of the order entered in the parties' divorce proceeding.

11. The first sentence of Paragraph 11 of the Complaint contains allegations to which no answer is required. Day denies the allegations contained in the second sentence of Paragraph 11, and further states that the he has appealed the Judgments.

12. Day admits the allegations contained in Paragraph 12 of the Complaint.

13. Day admits the allegations contained in Paragraph 13 of the Complaint.

14. Day admits the allegations contained in Paragraph 14 of the Complaint.

15. Day admits the allegations contained in Paragraph 15 of the Complaint.

16. Day admits the allegations contained in Paragraph 16 of the Complaint.

17. Day admits the allegations contained in Paragraph 17 of the Complaint.

18. Day admits the allegations contained in Paragraph 18 of the Complaint.

19. The allegations contained in Paragraph 19 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

20. The allegations contained in Paragraph 20 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

21. The allegations contained in Paragraph 21 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

22. The allegations contained in Paragraph 22 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

23. The allegations contained in Paragraph 23 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

24. The allegations contained in Paragraph 24 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

25. The allegations contained in Paragraph 25 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

26. The allegations contained in Paragraph 26 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

27. The allegations contained in Paragraph 27 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

28. The allegations contained in Paragraph 28 of the Complaint state a legal conclusion and, therefore, Day neither admits nor denies them.

**Affirmative Defenses**

1. Defendant asserts no affirmative defenses, and further states that he agrees that the indebtedness arising from entry of the Judgments, as that term is defined by the Complaint, falls within the ambit of 11 U.S.C. §§ 523(a)(5) and (15).

> /s/ Craig B. Leavers
> Craig B. Leavers, Bar No. 26914
> HOFMEISTER, BREZA & LEAVERS
> Executive Plaza III
> 11350 McCormick Road, Suite 1300
> Hunt Valley, Maryland 21031
> (410) 832-8822 ext. 208
>
> *Attorney for Robert E. Day, Jr.*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this 18th day of September, 2014, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Kim Michelle Sterrett
5343 High Wheels Court
Columbia, Maryland 21044
*(Pro Se Plaintiff)*

> /s/ Craig B. Leavers
> Craig B. Leavers

4